UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-23803-BB

J.B. HARRIS,

    Plaintiff,

v.

VIRAGE CAPITAL MANAGEMENT LP and
TITAN ASSET MANAGEMENT, LLC,

    Defendants.
_____/

**DEFENDANT VIRAGE CAPITAL MANAGEMENT LP'S
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Defendant Virage Capital Management LP, pursuant to Federal Rule of Civil Procedure 12(b)(1), moves the Court to dismiss this diversity action for lack of subject matter jurisdiction because complete diversity of the citizenship of the parties to this action is lacking.

Plaintiff cites 28 U.S.C. § 1332 as the jurisdictional basis for the Complaint. *See* Compl. [ECF No. 1], at 3. Under 28 U.S.C. § 1332(a), a federal court has diversity jurisdiction if the amount in controversy exceeds $75,000 and the suit is between citizens of different states. To invoke diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all parties must be completely diverse." *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010). The party commencing suit in federal court—in this case, Mr. Harris—has the burden of establishing, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction. *See id.*

Plaintiff is a Florida citizen. *See* Compl. at 1. Defendant Virage Capital Management is a limited partnership. "General partnerships, limited partnerships, joint stock companies, and unincorporated membership associations all are treated as citizens of every state of which any

partner or member is a citizen." *Osting-Schwinn*, 613 F.3d at 1089. Virage Capital Management is comprised of multiple sub-LLCs, sub-members, and related entities, one of which is a Florida citizen. *See* Def.'s Notice [ECF No. 27] ¶¶ 3, 5. A Declaration attached to this Motion confirms this indisputable fact. *See* Ex. A., Decl. of Edward Ondarza ¶¶ 2-3. What's more, Virage Capital Management confirmed this fact in a filing *before* Plaintiff filed his Complaint in this action. *See Elias LLC v. Virage Cap. Mgmt., LP*, No. 23-22752-Civ, Disclosure Statement [ECF No. 23], at *¶¶ 3, 5  (S.D. Fla. Sept. 7, 2023). Because a limited partnership is a citizen of any state of which any partner is a citizen, Virage Capital Management is also a citizen of Florida. As Plaintiff and Defendant Virage Capital Management are both citizens of Florida, complete diversity does not exist, and thus subject matter jurisdiction is lacking. *See Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1564 (11th Cir. 1994) ("Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant.").

In short, this Court lacks subject matter jurisdiction, and the Complaint must be dismissed without prejudice. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Dated: October 30, 2023

Respectfully Submitted,

*/s/ Andrew T. Figueroa*
GERALD E. GREENBERG
Florida Bar No. 440094
ggreenberg@gsgpa.com
ANDREW T. FIGUEROA
Florida Bar. No. 1002745
afigueroa@gsgpa.com
GELBER SCHACHTER & GREENBERG, P.A.
One Southeast Third Avenue, Suite 2600
Miami, Florida 33131
Telephone: (305) 728-0950
E-service: efilings@gsgpa.com

*Counsel for Defendant Virage Capital Management LP*