**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 23-cv-23803-BLOOM/Otazo-Reyes**

J.B. HARRIS,

Plaintiff,

v.

VIRAGE CAPITAL MANAGEMENT, LP,
TITAN ASSET MANAGEMENT, LLC

Defendants.
_______________________________________/

**ORDER ON MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendant Virage Capital Management LP, ("Virage LP's") Motion to Dismiss for Lack of Jurisdiction, ECF No. [31] ("Motion"). Plaintiff J.B. Harris filed his Response in Opposition, ECF No. [33], to which Virage LP filed its Reply, ECF No. [43]. The Court has carefully reviewed the Motion, all supporting and opposing submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, Virage LP's Motion is granted.

## I. BACKGROUND

Plaintiff filed his Complaint and Request for Injunction against the Defendants Virage LP and Titan Asset Management, LLC, on October 5, 2023, ECF No. [1], alleging that Defendants had interfered with a multi-million-dollar settlement to his clients. In the *pro se* form filing of his Complaint, Plaintiff answered that the basis for this Court's jurisdiction is diversity of citizenship under 28 U.S.C. § 1332. ECF No. [1] at 3. Thereafter, on October 12, 2023, within three days of the Defendant being served with the Complaint, Plaintiff filed his Expedited Motion for a Partial

Permanent Injunction, ECF No. [16]. Virage LP filed its Response, ECF No. [29], asserting that the Court lacks diversity jurisdiction and thereafter filed the instant Motion.

## II. LEGAL STANDARD

### A. Jurisdiction

A "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (footnote call numbers and citations omitted). This is because federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410.

## III. DISCUSSION

### A. Lack of Diversity Jurisdiction

In its Complaint, Plaintiff alleges he is a citizen of Florida. He also alleges that Defendant Virage LP is a Delaware Limited Partnership and Defendant Titan Asset Management, LLC is a Georgia Limited Liability Corporation. ECF No [1] at 1. Virage LP correctly argues that it is a limited partnership, and thus "is treated as a citizen of every state of which any partner or member is a citizen of." *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010). One of the sub-entities that forms Virage LP is a Florida citizen and Defendant previously disclosed that fact in its Rule 7.1 Disclosure Statement and Notice Regarding Lack of Jurisdiction. ECF No. [27]. Virage LP argues that as both it and Plaintiff are citizens of Florida, "complete diversity does not exist and [the] case must be dismissed." *Palmer v. Hosp. Auth. of*

*Randolph Cnty.*, 22 F.3d 1559, 1564 (11th Cir. 1994) ("Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant.")

Plaintiff responds that Defendant's Motion is a "sham" as the Declaration to its Motion from one of Virage LP's Directors simply states that "one of Virage [] LP's limited partners is a Florida LLC, whose sole member is a Florida resident." ECF No. [33] at 3; ECF No. [31-1] at 2. Plaintiff asserts that this Court should not "allow[] an anonymous member LLC to travel under cover of its managing director's declaration." ECF No. [33] at 3. Further, Plaintiff argued that that Virage LP failed to provide any legal support for proceeding anonymously. *Id*. at 1.

On October 30, 2023, this Court issued an Order to Show Cause to Virage LP to file the name of the sole partner that sets forth the diversity issue raised in its Motion under seal. ECF No. [34]. On November 1, 2023, Virage LP provided the requested information, identifying its Florida limited partner as SJG3 Interests, LLC, a Florida limited liability company, whose sole member is Stephen Grofcsik, a Florida citizen. ECF No. [39]

The Court is satisfied with the filing submitted by Virage LP, confirming the identity of its partner that is a Florida citizen. Under 28 U.S.C. § 1332(a), "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between — citizens of different states." Furthermore, "for the purposes of establishing diversity jurisdiction, an unincorporated business association or entity, such as a general or limited partnership or a limited liability company, is not a 'citizen' under 28 U.S.C. § 1332(a) in its own right." *First Home Bank v. Net Zero LLC,* No. 3:20-cv-150-J-34MCT, 2020 WL 802518, at *2 (M.D. Fla. Feb. 18, 2020) (citing *Xaros v. U.S. Fid. & Guar. Co.*, 820 F.2d 1176, 1181 (11th Cir. 1987)). Rather, the longstanding rule is that "the citizenship of an artificial, unincorporated entity generally depends on the citizenship of all the

members composing the organization." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1021 (11th Cir. 2004) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990)). Regarding diversity jurisdiction, "a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens." *Id.* (citing *Carden*, 494 U.S. at 195-96).

Consequently, based on Defendant's filing and pursuant to U.S.C. § 1332(a), this Court lacks jurisdiction over this matter.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion, **ECF No. [31]**, is **GRANTED.**
2. The Complaint is **dismissed without prejudice.**
3. All pending motions are denied as moot and all deadlines are terminated.
4. The Clerk shall **CLOSE** the case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 15, 2023.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record